[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO THIRD COUNT)
The defendant has filed a Motion for Summary Judgment as to the third count of plaintiff's complaint, wherein plaintiff has alleged negligent infliction of emotional distress by the defendant as to certain plaintiffs, who are the husband and children of the plaintiff, Polly Trent.
It is not disputed by the plaintiffs in the third count that they were not witnesses to the accident itself. Their first contact with their injured mother, was their visit with her at the hospital where she had received medical treatment.
The Court has reviewed the decision in Clohessy v. Bachelor,237 Conn. 31 (1996), wherein the Connecticut Supreme Court held that a plaintiff should be allowed to recover, within certain limitations, for emotional distress as a result of harm done to a third party.
The Clohessy court imposed the following conditions on the right of Plaintiff to maintain a cause of action for bystander CT Page 9375 emotional distress. First, the bystander must be closely related to the injury victim. Id. at 52. Second, the bystander's emotional injury must be caused by the contemporaneous sensory perception of the event or conduct that causes the injury or by viewing the victim immediately after the injury causing event if no material changed has occurred with respect to the victim's location and condition. Id. at 52. Third, the injury to the victim must be substantial, resulting in death or serious physical injury. Id. at 53. Finally, the plaintiff bystander must have sustained a serious emotional injury that is "a reaction beyond that which would be anticipated in a disinterested witness, and which is not an abnormal response to the circumstance." Id. at 54.
Even if this court, in sifting through the facts of the records, views it in a light most favorable to the non-moving party, it is clear that the plaintiff has failed to satisfy the second prong of the Clohessy test. Id. at 52. The plaintiff bystanders were not at the scene of the accident, nor did they contemporaneously view the conduct which caused the injuries to the victim plaintiff. They did not view the victim immediately following the accident at the scene of the accident. They first viewed the plaintiff victim at the hospital.
This court finds no reason to expand the conditions imposed by the court in Clohessy v. Bachelor, 237 Conn. 31 (1996) under which a bystander may maintain a cause of action for emotional distress.
Accordingly, the defendant's Motion for Summary Judgment as to the plaintiff's third count of the complaint is hereby Granted.
THE COURT
by ARNOLD, J.